UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

EDGARS DELIVERY, LLC,                  :
             Plaintiff,           :
                                  :
      v.                         :   No.  5:24-cv-6398
                                  :
FEDEX GROUND PACKAGE SYSTEMS, INC.     :
and PSI LOGISTICS, INC.,               :
             Defendants.          :
_____

**O P I N I O N**
**Plaintiff's Motion to Remand, ECF No. 8 – Granted**

**Joseph F. Leeson, Jr.**                                                  **April 17, 2025**
**United States District Judge**

**I.    INTRODUCTION**

This case stems from a motor vehicle accident involving a delivery truck. A contractor, PSI Logistics, Inc., was delivering packages on behalf of FedEx Ground Package Systems, Inc., using a truck owned by Edgars Delivery, LLC, when a collision ensued, and the truck was damaged. This case was initially filed by Plaintiff Edgars Delivery, LLC ("Edgars") against Defendant FedEx Ground Package Systems, Inc. ("FedEx") in the Court of Common Pleas of Philadelphia County but was removed to this Court by FedEx. Edgars filed an Amended Complaint which added PSI Logistics, Inc. ("PSI"), a nondiverse defendant, and filed a Motion to Remand for lack of complete diversity jurisdiction. For reasons expounded below, the Court lacks jurisdiction and must remand the case.

## II.  BACKGROUND

Plaintiff Edgars is a limited liability company with a principal place of business in Macungie, Pennsylvania.[1] Am. Compl. ¶ 8. Edgars owns delivery trucks and leases them to drivers contracting with freight companies; its trucks are used to facilitate deliveries in Pennsylvania and across the United States. *Id.* at ¶ 15. Defendant FedEx (specifically, FedEx Ground Package Systems, Inc., d/b/a FedEx Ground) specializes in ground package delivery services, *see id.* at ¶¶ 9-19; and previously existed as a separate entity located in Coraopolis, Pennsylvania, *id.* at ¶ 9, but in 2024 was consolidated and merged into Federal Express Corp., a Delaware corporation with a principal place of business in Tennessee.[2] Defendant PSI is a Pennsylvania corporation located in Southampton, Pennsylvania, and is also engaged in the business of freight transportation. *Id.* at ¶¶ 10-14. On or around November 22, 2022, Edgars leased one of its trucks to PSI, who was under contract with FedEx to make deliveries on its behalf as an independent contractor. *Id.* at ¶¶ 16-18. Through the following year, PSI used the

---

[1]  It appears that the only member of the LLC is a citizen of Pennsylvania. *See* Notice of Removal ¶¶ 10-19, ECF No. 1.

[2]  *See* Notice of Removal, ¶ 9; Memo in Support of Motion to Remand ("Memo in Support"), ECF No. 8, 2. In the original Complaint, Edgars alleges that FedEx "is a Pennsylvania Corporation with a business address of 1000 FedEx Drive, Coraopolis, PA, 15108" *see* ECF No. 1-3, ¶ 7, but the Notice of Removal explains that FedEx (i.e., FedEx Ground Package Systems, Inc., d/b/a FedEx Ground) had, as of June 2024, merged with parent company Federal Express Corporation, making it "a citizen of Delaware and Tennessee for purposes of determining whether diversity exists," *see* ECF No. 1, ¶ 9. The Amended Complaint does not make clear FedEx's citizenship for diversity purposes, stating only that "Federal Express Corporation still has offices and may be served at 1000 FedEx Drive, Coraopolis, PA 15108," Am. Compl. ¶ 9, and that FedEx "has offices, shipping centers, and locations throughout Pennsylvania and regularly makes deliveries to addresses throughout Philadelphia County," *id.* at ¶ 11. However, since "the defendant bears the burden of establishing removal jurisdiction," *Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463, 468 (E.D. Pa. 2021) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)), and since Edgars acknowledges FedEx's assertion of citizenship to Delaware and Tennessee, *see* Memo in Support, at 2, the Court recognizes the same.

truck to make regular deliveries for FedEx. *Id.* at ¶ 21. On or about April 14, 2023, while making one such delivery, the truck was totaled in an accident. *Id.* at ¶ 24. Edgars tried to make a claim with the insurance company named on the Certificate of Insurance ("COI") between PSI and FedEx, but learned that either its truck was not listed on the applicable insurance policy, or that no such policy existed. *Id.* at ¶¶ 25-26. Nevertheless, FedEx had still allowed the truck to be registered to its entity as a FedEx delivery vehicle. *See id.* at ¶ 28. Edgars alleges that PSI submitted a false or ineffective COI to FedEx and that FedEx failed either to verify and investigate the COI's authenticity or to obtain a copy of the insurance policy. *Id.* at ¶ 30. On September 13, 2024, FedEx's litigation team communicated to Edgars via email that FedEx was not liable for the truck. *Id.* at ¶ 33, Exhibit E ("Email"), ECF No. 6-5. FedEx refused to reimburse Edgars for the vehicle damage, *id.*, asserting that it had no "duty to investigate whether the policy represented by the COI was valid and active," and owed no "duty or obligation to pay anything to Edgars" with respect to the truck. *See* Email. In this email, FedEx suggested that "the proper entities with whom to address [Edgars's] dispute are the principals of PSI and the parties to the asset purchase agreement." *Id.* Since learning of the accident, Edgars has been unable to locate, repossess, or obtain compensation for its truck. Am. Compl. at ¶ 34.

On October 24, 2024, Edgars filed a Complaint in the Court of Common Pleas of Philadelphia County. *See* Compl., ECF No. 1-3. The Complaint alleged claims of negligence, negligent supervision, and strict liability against FedEx, only. *See id.* On November 29, 2024, FedEx filed a Notice of Removal to the District Court for the Eastern District of Pennsylvania based on complete diversity jurisdiction. *See* Notice of Removal, ECF No. 1. On December 20, 2024, Edgars filed an Amended Complaint, adding PSI as a defendant. *See* ECF No. 6. The Amended Complaint alleges the following causes of action: negligence against both PSI and

FedEx, conversion and unjust enrichment against PSI, and negligent supervision and strict/vicarious liability against FedEx. *See id.* On December 23, 2024, Edgars filed a Motion to Remand based on lack of diversity jurisdiction, because the newly added Defendant PSI is nondiverse from Edgars. *See* ECF No. 8. FedEx responded on January 6, 2025, arguing that the factors outlined in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) did not support allowing the joinder of PSI, and alternatively, that PSI was fraudulently joined. *See* ECF No. 13. FedEx also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 2, 2025. ECF No. 12. On March 24, 2025, Edgars requested entry of default against PSI pursuant to Fed. R. Civ. P. 55(a), ECF No. 23, and this Court entered default on March 27, 2025, against PSI for failure to plead or otherwise defend against the claims, ECF No. 24. Still, the Motion to Remand and Motion to Dismiss remain pending. For the reasons below, the Court finds that PSI was properly joined, and that remand is necessary because the Court lacks subject matter jurisdiction. The Court will not render a decision on the Motion to Dismiss.

**III.    LEGAL STANDARDS**

    **A.  Motion to Remand for Lack of Diversity Jurisdiction**

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." *See Lane v. CBS Broad. Inc.*, No. 08-3175, 2008 WL 3930287, at *2 (E.D. Pa. Aug. 27, 2008) ("State-court actions that originally could have been filed in federal court may be removed to federal court.") (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also* 28 U.S.C. § 1446. "The party seeking removal carries the burden of proving that removal is proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co.*, 779 F.3d 214, 218 (3d Cir. 2015); *see Lane*,

2008 WL 3930287, at *2 ("The removing party bears the burden of proving that federal subject matter jurisdiction exists.") (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). However, once removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Joinder of Nondiverse Defendant after Removal

A party may amend its pleading "once as a matter of course" no later than twenty-one days after serving it. Fed. R. Civ. P. 15(a)(1). If, after removal, the plaintiff seeks to amend the complaint to "join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Importantly, section 1447(e) "applies only where the plaintiff *seeks leave* to join additional defendants," but "does not govern where the plaintiff joins additional defendants as a matter of right." *Testa v. Broomall Operating Co., L.P.*, No. 21-5148, 2022 WL 1694180, at *3 (E.D. Pa. May 26, 2022). Nonetheless, federal courts have authority under Rule 21 to "add or drop a party" at any time, *id.* (citing Fed. R. Civ. P. 21), so district courts frequently "apply the discretionary review of section 1447(e) even when the [plaintiff] amends the complaint to join a party before the defendant serves a responsive pleading." *Lehigh Mech., Inc. v. Bell Atl. Tricon Leasing Corp.*, No. 93-673, 1993 WL 298439, at *3 (E.D. Pa. Aug. 2, 1993). *See also Lane*, 2008 WL 3930287, at *4 ("In this district, where joinder of a new party would destroy diversity, courts routinely analyze the joinder under 28 U.S.C. § 1447(e), even when there has been no responsive pleading served.").[3] The Third Circuit has endorsed district court review of joinder

---

[3] Normally, where a plaintiff files an amended complaint as a matter of course and within twenty-one days of service, such amendment is permitted without leave of court under Fed. R. Civ. P. 15(a). However, "[w]here, as here, a nondiverse defendant has been added post-removal by amendment as of right, courts may sua sponte consider dropping the spoiler under Rule 21. If

even after a Rule 15(a) amendment, because "[section] 1447(e) and Rule 21 both give district courts the same broad discretion in making the same underlying decision—whether to retain jurisdiction." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 131 (3d Cir. 2022).

"[C]areful scrutiny should be applied to any post-removal events threatening to wrench ... jurisdiction away." *Etter v. Promedica Senior Care of Philadelphia PA, LLC*, No. 24-4213, 2024 WL 4543198, at *2 (E.D. Pa. Oct. 22, 2024) (quoting *Avenatti*, 41 F.4th at 133). A court's decision "whether to drop a party is discretionary, but it is limited by two factors: (1) under Rule 19, the court may not drop a party that is indispensable; and (2) under Rule 21, the court's decision to drop a party must be made 'on just terms.'" *Id.* (citing Fed R. Civ. P. 19; Fed. R. Civ. P. 21; *Avenatti*, 41 F.4th at 135). When all the defendants "are jointly and severally liable, it cannot be argued that [one is] indispensable" under Rule 19. *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989)). To determine what constitutes "just terms" for Rule 21 purposes, district courts in the Third Circuit apply the four-factor test set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), as adopted by the Third Circuit in *Avenatti v. Fox News Network LLC*, 41 F.4th 125 (3d Cir. 2022). *See Etter*, 2024 WL 4543198, at *2; *Street v. GAC Shipping USA, Inc.*, No. 24-1739, 2024 WL 4374111, at *3 (E.D. Pa. Oct. 1, 2024) ("The Third Circuit has endorsed the application of the *Hensgens* factors—used for determining whether to allow joinder under 28 U.S.C. § 1447(e)—when a Court is confronted with post-removal amendments that add nondiverse parties.") (citing *Avenatti*, 41 F.4th at 129); *Hilley v. TJX Companies, Inc.*, No. 24-665, 2024 WL 1889789, at *3 (E.D. Pa. Apr. 30, 2024) (When an amended complaint "add[s] a party that will destroy diversity jurisdiction, the court is tasked

---

the new defendant is dispensable and can be dropped without prejudicing any party, then courts may go on to consider the *Hensgens* factors to guide their discretion 'on just terms.'" *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 130 (3d Cir. 2022).

under *Hensgens* with weighing [four factors].”). “In *Hensgens*, the Fifth Circuit laid out an open-ended balancing test for considering post-removal amendments that add nondiverse parties, urging courts to consider: “[i] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [ii] whether plaintiff has been dilatory in asking for [the] amendment, [iii] whether plaintiff will be significantly injured if [the] amendment is not allowed, and [iv] any other factors bearing on the equities.” *Avenatti*, 41 F.4th at 129 (internal quotations omitted; numerals added) (citing *Hensgens*, 833 F.2d at 1182). These factors “are used to determine whether a court, in exercising its discretion under Section 1447(e), should (1) permit the addition of the nondiverse party and remand, or (2) reject the amendment and retain jurisdiction.” *Hilley*, 2024 WL 1889789, at *3. If a *Hensgens* analysis reveals that the nondiverse defendant was properly joined, the case shall be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

### C. Fraudulent Joinder – Review of Applicable Law

The doctrine of fraudulent joinder is an exception to the requirement that when removal depends on diversity of citizenship, there must be complete diversity between the parties. *See In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). Under this doctrine, “[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction.” *Id.* at 216.

A removing defendant alleging fraudulent joinder bears a “heavy burden of persuasion.” *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). To establish that a defendant was fraudulently joined, the removing party must show “there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good

faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (citation omitted). A claim is colorable so long as it is not "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). This Court has explained that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (citation omitted); *see also Sherfey v. Johnson & Johnson*, No. 12-4162, 2014 WL 715518, at *6 (E.D. Pa. Jan. 29, 2014) (noting a finding of fraudulent joinder "is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility") (citation omitted).

A court may "look to more than just the pleading allegations to identify indicia of fraudulent joinder." *In re Briscoe,* 448 F.3d at 219; *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The Third Circuit has explained that, when conducting a jurisdictional analysis, there is "no reason to preclude a district court from a limited consideration of reliable evidence that the defendant may proffer to support the removal." *In re Briscoe*, 448 F.3d at 220. "Such evidence may be found in the recording from prior proceedings ... or in other relevant matters that are properly subject to judicial notice." *Id.* Courts in this district have looked to affidavits discussing a party's involvement in the case to determine whether it was fraudulently joined. *See Weaver v. Conrail, Inc.*, No. 09-5592, 2010 WL 2773382, at *7, *9 (E.D. Pa. July 13, 2010) (holding that, under *In re Briscoe*, the court could properly consider an affidavit stating that certain defendants had absolutely no control or right to say how particular trains were run at the time of plaintiff's accident); *In re Diet Drugs (Phentermine/ Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.*, No. 04-29688, 2009 WL 3595633, at *2-3 (E.D. Pa. Oct. 27, 2009) (finding sales representatives were fraudulently joined

based in part on an affidavit disclaiming any knowledge of the alleged dangers associated with the product).

In conducting its analysis, this Court must accept as true all factual allegations of the complaint and must "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851-52. If the Court "determines that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court." *In re Briscoe*, 448 F.3d at 216 (citing 28 U.S.C. § 1447(c)). Conversely, if the Court determines that the joinder was fraudulent, "the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* at 216 (internal citations omitted).

## IV.   ANALYSIS

Edgars timely amended its complaint as a matter of right, and the amendment added a nondiverse defendant, PSI. *See* Am. Compl. Edgars argues, with apparent factual support,[4] that Defendants FedEx and PSI are jointly and severally liable for the damage to the truck. The Court agrees that PSI is not an indispensable party for Rule 19 purposes. *See Etter*, 2024 WL 4543198, at *2 (citing *Newman-Green*, 490 U.S. at 838). Subsequently, it must determine whether the joinder of PSI was appropriate, *see* Fed. R. Civ. P. 21, and the parties implore the Court to do so either by engaging in a section 1447(e) analysis and applying *Hensgens* factors, or by reviewing

---

[4]   The facts of the Amended Complaint suggest a relationship between PSI and FedEx such that any damage to Edgars's truck, or failure to verify insurance on the truck, would have been the responsibility of both PSI, the driver/operator of the vehicle, and FedEx, with whom PSI had contracted to perform deliveries and with whom the truck was registered. Am. Compl. ¶¶ 16-18, 25-26, 28, 30. Edgars alleges that the relationship between the Defendants is one of vicarious liability, and that the two are jointly and severally liable for the truck. *See id.* at ¶¶ 89-111.

for fraudulent joinder. The Third Circuit in *Avenatti* reasoned that, where a Rule 15(a) amendment adds a nondiverse party after removal, the proper method for evaluating joinder is to conduct a review under section 1447(e) and apply *Hensgens* rather than fraudulent joinder, *see Avenatti*, 41 F.4th at 132-33, because "[f]raudulent joinder doctrine does not apply to party additions that occur *after* a valid removal," *id.* at 133 (emphasis in original).[5] However, *Avenatti* also instructs that "consideration of fraudulent joinder principles might help inform the court's remand decision." *Id.* at 133. In light of this, the Court will follow *Avenatti* and apply *Hensgens* pursuant to 28 U.S.C. § 1447(e) to determine if joinder of PSI is proper, but will also conduct a fraudulent joinder analysis. Courts within our Circuit have employed both frameworks where, as here, the parties pose arguments on both grounds and the outcome under each framework supports the same conclusion.[6] As illuminated below, the Motion to Remand will be granted

---

[5]   *See Avenatti*, 41 F.4th at 132-33. ("[D]istrict courts may exercise their discretionary authority to drop nondiverse parties added without leave of court after removal—and[] they may consider the *Hensgens* factors when doing so," but "[t]he doctrine [of fraudulent joinder] has no direct application where the nondiverse party was added after the case had already arrived in federal court.").

[6]   Prior to the Third Circuit's decision in *Avenatti*, there was "a split of authority among federal courts regarding the proper analytical framework to use when, as here, the plaintiff files an amended complaint as of right that adds a new non-diverse defendant after the case has been removed to federal court. Some courts appl[ied] 28 U.S.C. § 1447 and some appl[ied] a fraudulent joinder analysis." *Gumberg Assocs. - Chapel Square v. Keybank Natl Assn.*, 2021 WL 492880, at *2 (W.D. Pa., 2021). *Compare Delaware Cnty., Pa. v. MERSCORP, Inc.*, No. 2:13-6517, 2014 WL 4545765 (E.D. Pa. Sept. 15, 2014) (applying section 1447(e)) *with McDermott v. CareAllies, Inc.*, 503 F. Supp. 3d 225 (D.N.J., 2020) (applying fraudulent joinder).

   Where it was determined that the outcome of an analysis conducted under section 1447(e) would differ from that conducted under fraudulent joinder, the court would first have to make a preliminary determination of which framework was determinative under the circumstances. *See McDermott*, 503 F. Supp. 3d at 233-36. Those that applied section 1447(e) and *Hensgens* relied on the discretionary authority granted to federal courts under Fed. R. Civ. P. 21, *see id.* at 231 (citing *Mayes v. Rapoport*, 198 F.3d 457 (4th Cir. 1999)), and believed that, under a cohesive reading of Rules 15(a), 19, and 21, that Section 1447(e) "trumps" Rule 15(a), *id.* at 232 (citing *Ascension Enters. v. Allied Signal*, 969 F. Supp. 359, 360 (M.D. La. 1997)). Those that applied fraudulent joinder relied on the "liberal amendment provisions" of Rule 15(a), *id.* at 235 (quoting *Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D.

because a majority of *Hensgens* factors weighs in favor of joinder and remand; the Court also finds no indication of fraudulent joinder, which further supports this decision.

### A. *Hensgens* Factors

Both Edgars and FedEx correctly cite the four-factor test in *Hensgens* as the applicable standard for reviewing joinder attempts which destroy complete diversity. Under *Hensgens*, a federal court reviewing joinder attempts of nondiverse parties should consider: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *Avenatti*, 41 F.4th at 129 (internal quotations omitted). This Court will address each factor in turn.

### i. Purpose

To determine whether a plaintiff's purpose in joining a nondiverse defendant was solely to defeat diversity jurisdiction, "courts consider whether the plaintiff knew of the additional

---

Mich. 2011), and frequently cited the language of 28 U.S.C. § 1447(e) as "expressly limit[ing]" the court's exercise of discretion "to instances where a plaintiff seeks to add a non-diverse defendant—to the exclusion[] of instances where such joinder already has occurred as a matter of right," *id.* at 233; *see Buffalo State Alumni Assn., Inc. v. Cincinnati Ins. Co.*, 251 F. Supp. 3d 566, 575 (W.D.N.Y. 2017).

However, where it was determined that the application of section 1447(e) or fraudulent joinder would result in the same outcome, courts frequently engaged in both analyses. *See, e.g., Gumberg Assocs.*, 2021 WL 492880 (noting the split of authority among federal courts regarding section 1447(e) versus fraudulent joinder analysis, and analyzing the joinder under both frameworks where the outcomes were determined to be the same); *Sussman v. Capital One, N.A.*, 2014 WL 5437079, at *3 (D.N.J., 2014) ("Out of an abundance of caution, this Court will analyze Plaintiff's joinder under both Section 1447(e) and the fraudulent joinder doctrine."); *id.* at *7 (finding joinder "inappropriate under Section 1447(e) and the fraudulent joinder doctrine"). Post-*Avenatti*, this trend survives and courts in our Circuit continue to evaluate joinder under both frameworks, particularly where the outcome under fraudulent joinder analysis *supports* the outcome reached under section 1447(e). *See DeVito v. Panevino Ristorante*, 2023 WL 7895958, at *6 (D.N.J., 2023) (engaging in both 1447(e) and fraudulent joinder analyses to reach the same conclusion, while recognizing that, under *Avenatti*, it did not have to consider fraudulent joinder principles to achieve a proper Rule 21 analysis).

defendants at the time [it] filed the original complaint or whether the plaintiff gained additional information regarding the identities of the additional defendants through post-filing developments." *Hennix v. Belfor USA Grp., Inc.*, No. 22-1473, 2022 WL 3691020, at *7 (E.D. Pa. Aug. 25, 2022) (citing *Montalvo v. John Doe I*, No. 10-2617, 2010 WL 3928536, at *4 (E.D. Pa. Oct. 5, 2010). "Where a plaintiff was aware of the additional defendants at the time [it] initiated the lawsuit but chose not to name them, that suggests [it] joined them after removal in order to destroy diversity." *Id.*

Edgars alleges that it added PSI as a defendant, not solely to defeat diversity, but instead because Edgars "has real, cognizable, and recoverable claims against PSI for which [it] should be permitted to seek recovery."[7] Motion to Remand at 5. If true, this statement still does not address the question of whether Edgars knew of PSI at the time it initiated suit against FedEx.

Edgars leased its truck to PSI in November 2022. Am. Compl. at ¶¶ 16-18. Whether it was then-aware that PSI had contracted with FedEx is unclear. Though, Edgars became aware of PSI's involvement in the April 2023 truck collision as early as August 2023, when it indicated to FedEx *and* PSI that it believed the two entities were jointly and severally liable for the value of the truck. *See* Intent to Sue Letter sent to FedEx, PSI, and Marsh USA Inc., ("Intent to Sue Letter"), Ex. D., ECF No. 6-4, at 4-5 ("It is our position that the Truck was being used by PSI and FedEx in furtherance of its business when it was totaled, and that they are jointly and severally liable for reimbursement of the value of the Truck"). Then, in August 2024, Edgars again wrote to FedEx and PSI, with a final "good faith effort to resolve this matter before

---

[7] The Court will address the plausibility of Edgars's claims in section IV(B), *infra*, but will not do so here, as it is neither determinative of Edgars's purpose in adding PSI as a defendant in federal court, nor pertinent to the discussion of Edgars's awareness of PSI at the start of its lawsuit in state court.

resorting to litigation." *See* Final Notice Before Initiating Suit, August 2, 2024, Ex. D., ECF No. 6-4 at 2-3. Moreover, on September 13, 2024, FedEx emailed Edgars, further suggesting it pursue PSI as a defendant, stating: "It appears the proper entities with whom to address your dispute are the principals of PSI . . . ." *See* Email at 2. Despite this, Edgars filed its state court action against FedEx, only, on October 24, 2024. *See* Compl., at 12-13. Though there were several indications that Edgars was aware of PSI's involvement prior to initiating suit in state court, it chose not to name PSI as a defendant in its original Complaint. The recent joinder of PSI therefore suggests a purposeful intent by Edgars to destroy diversity jurisdiction. *See Hennix*, 2022 WL 3691020, at *7. The first *Hensgens* factor weighs against permitting joinder.

    ii. **Dilatoriness**

An amendment is considered dilatory when "the purpose of plaintiff's delay in seeking an amendment was to prolong the litigation." *Taylor v. GGNSC Philadelphia, LP*, No. 14-7100, 2015 WL 5584781, at *6 (E.D. Pa. Sept. 23, 2015) (quoting *Kahhan v. Massachusetts Cas. Ins. Co.*, No. 01-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001)). Under the *Hensgens* analysis, a court evaluating dilatoriness should consider both the length and nature of the delay, though the passage of time is not by itself indicative of dilatory conduct. *Id.; see also Hilley*, 2024 WL 1889789, at *4. The inquiry is fact specific, and outcomes vary across cases. *Taylor*, 2015 WL 5584781, at *6.

Edgars's Amended Complaint was filed within two months of its original Complaint in state court, *see* Compl. and Am. Compl, and within one month of removal to federal court, *see* Notice of Removal. FedEx concedes that Edgars was not dilatory in seeking to amend its Complaint. Response at 6. The Court agrees and finds that Edgars was not dilatory. The second factor weighs in favor of permitting joinder, and thus in favor of remand.

### iii. Likelihood of Injury if Joinder Not Allowed

Where joinder of a nondiverse party is not permitted, a plaintiff may still pursue a case against that defendant separately, in state court. Yet, "[c]ourts in this District have noted that requiring a plaintiff to litigate two lawsuits at the same time may cause the plaintiff injury." *Taylor*, 2015 WL 5584781, at *6 (citing *Kahhan*, 2001 WL 1454063, at *2 (holding that if joinder is not permitted, "plaintiff will be forced to litigate two lawsuits at the same time, increasing her litigation costs tremendously")); *see also Aldorasi v. Crossroads Hosp. & Mgmt. Co., LLC*, 344 F. Supp. 3d 814, 828 (E.D. Pa. 2018) ("[D]istrict courts within the Third Circuit have recognized that the burden of maintaining parallel state and federal actions, requiring duplicative work and raising the prospect of inconsistent rulings, is both economically and, potentially, legally prejudicial to the plaintiff."). In considering whether to strike nondiverse defendants and trigger parallel litigation, courts have found that injury to the plaintiff is more likely "[w]here the claims asserted against the newly joined defendants arise out of the same set of operative facts as the claims asserted against the originally named defendants," *Hennix*, 2022 WL 3691020, at *8, and less likely where the claims against each set of defendants arise from different sets of facts, *see Street*, 2024 WL 4374111, at *5 (finding that striking nondiverse defendants and forcing plaintiff to litigate in two separate fora would not be prejudicial to plaintiff where the claims against each arose out of different facts).

Edgars argues that it would suffer prejudice "if PSI is not permitted to be joined[,] as it would limit Plaintiff's ability to recover and may dispense of an indispensable party." Motion to Remand, at 7. In contrast, FedEx argues that Edgars would not be prejudiced by the Court dismissing PSI, because Edgars "would be free to pursue PSI separately if it so chose." Response at 6. This Court already determined that PSI is not indispensable. *See* section IV, *supra*. FedEx is correct that disallowing joinder does not inhibit Edgars's ability to recover against PSI in state

court, however, the theory of liability against both FedEx and PSI arises from the same set of operative facts. *See Hennix*, 2022 WL 3691020, at *8. The subject of the underlying litigation is a totaled delivery truck owned by Edgars and operated by PSI while under contract with FedEx. Am. Compl. ¶¶ 16-18, 21, 24. All five causes of action in the Amended Complaint—negligence; conversion; unjust enrichment; negligent supervision; and strict/vicarious liability—arise out of the facts of the truck collision and a preexisting COI on the truck, through which PSI allegedly registered the truck with FedEx. *See id.*; Motion to Remand, at ¶¶ 12, 24-27. Accordingly, the dismissal of PSI as a defendant in this case may require Edgars to engage in duplicative litigation in both federal and state court, which could prejudice Edgars or cause unnecessary financial injury. *Hennix*, 2022 WL 3691020, at *8. The third factor weighs in favor of allowing joinder and keeping the defendants within the same litigation.

### iv.  Other Equitable Factors

Lastly, under the *Hensgens* analysis, a court should consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. This District has before determined "equitable factors" to include "the efficient use of judicial resources, the effect remand will have on the defendant, and the expertise of the court relative to the applicable law." *Testa*, 2022 WL 1694180, at *7 (quoting *Taylor*, 2015 WL 5584781, at *7). Under the first consideration, "courts have found that where two lawsuits arise from a common nucleus of fact, judicial economy will be negatively affected by allowing concurrent federal and state proceedings." *Taylor*, 2015 WL 5584781, at *7 (citing *Kahhan*, 2001 WL 1454063, at *3). Under the second consideration, "equitable factors favor joinder where a defendant will not be prejudiced by remand." *Id.* (citing *City Line-Hamilton Builders, LLC v. Cincinnati Ins. Co.*, No. 12-03291, 2013 WL 1286187, at *8 (E.D. Pa. Mar. 29, 2013)). As to the Court's expertise, "when there is a lack of a significant

federal interest in deciding the state law issues, federal courts prefer to have state courts interpret their own laws," *id.* (quoting *Kahhan*, 2001 WL 1454063, at *3), since "the Court of Common Pleas is just as capable as—if not better equipped than—this Court at applying Pennsylvania law." *Hennix*, 2022 WL 3691020, at *8. Moreover, "courts in this district have held that remand is not prejudicial to a defendant where the claims are governed by state law." *Aldorasi*, 344 F. Supp. 3d at 828 (citing *Taylor*, WL 5584781, at *7). "Where there are no other factors bearing on the equities, it is within a court's discretion to omit these considerations under the *Hensgens* balancing test." *Hilley*, 2024 WL 1889789, at *5 (citing *Avenatti*, 41 F.4th at 136 n.4).

   Edgars argues that joinder of PSI is an efficient use of judicial resources in part because "the joinder is occurring in the early stages of the parties' litigation, while pleadings are still open, [and] while no discovery has been conducted." Motion to Remand, at 7. FedEx counters that the most efficient use of judicial resources would be for this Court to disallow joinder of PSI and subsequently grant FedEx's Motion to Dismiss the Amended Complaint with prejudice. Response, at 7. The Court has already established the claims against PSI arise "from a common nucleus of fact" as the claims against FedEx,[8] and thus "judicial economy will be negatively affected by allowing concurrent federal and state proceedings." *Taylor*, 2015 WL 5584781, at *7. The Court has no reason to believe that FedEx would be prejudiced by remand. Furthermore, the Court has no "significant federal interest" in deciding the common law tort claims alleged, for which it would ultimately look to Pennsylvania law to decide. The balance of equities therefore weighs in favor of allowing joinder. This marks three out of four factors in *Hensgens* which support the joinder of PSI. The Court's analysis under *Hensgens* suggests that the Motion to Remand should be granted.

---

8      *See* section IV(A)(iii), *supra*.

### B. Fraudulent Joinder

A court reviewing fraudulent joinder principles should consider whether "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111 (internal citation omitted). So long as a claim is not "wholly insubstantial and frivolous," *Batoff*, 977 F.2d at 852, and there is at least "a possibility that a state court would find that the complaint states a cause of action" against the nondiverse defendant, the claim is colorable, and joinder is not fraudulent, *Boyer*, 913 F.2d at 111.

Here, Edgars has alleged claims of negligence, conversion, and unjust enrichment against PSI. It is not inconceivable for a state court to find a basis in fact for at least one of these claims. For example, Edgars alleges the following in support of its negligence claim: that its contract with PSI established a duty for PSI to properly insure the truck, Am. Compl. ¶ 40, which PSI then breached by either failing to obtain insurance or by submitting a false COI, *id.* at ¶ 42, leading to Edgars's inability to reclaim the truck or seek collision coverage on it, *id.* at ¶ 42. On the face of the pleading, it appears that Edgars has pled the four elements of negligence: duty, breach, causation, and damages. *See City of Philadelphia v. Beretta U.S.A. Corp.*, 277 F.3d 415, 422 n.9 (3d Cir. 2002) (citing *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998) for negligence elements). Thus, it is more than "possible" that a state court could find that the Amended Complaint states at least one cause of action against PSI. *Boyer*, 913 F.2d at 111. This indicates that joinder of PSI was not fraudulent, *id.*, and supports the Court's decision to remand.

### V.   CONCLUSION

Since the Court lacks subject matter jurisdiction over the instant case, and for the reasons articulated above, Edgar's Motion to Remand is granted. In light of this decision, the Court must

also dismiss Defendant FedEx's Motion to Dismiss, which the Court does not have jurisdiction to decide.

    A separate order follows.

                            BY THE COURT:

                            */s/ Joseph F. Leeson, Jr.*
                            JOSEPH F. LEESON, JR.
                            United States District Judge